**23-1970**
# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

IESHA MITCHELL, et. al.,

    Plaintiffs-Appellants,

v.

CITY OF BENTON HARBOR, MI et. al.,

    Defendants-Appellees.

---

Appeal from the United States District Court
Western District of Michigan, No. 1:22-cv-00475
Honorable Hala Y. Jarbou

---

### CITY OF BENTON HARBOR DEFENDANTS' MOTION TO STAY MANDATE PENDING PETITION FOR CERTIORARI

BODMAN PLC
Thomas J. Rheaume, Jr. (P74422)
Alexandra C. Markel (P81705)
Walter G. Pelton (P84442)
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
trheaume@bodmanlaw.com
amarkel@bodmanlaw.com
wpelton@bodmanlaw.com
Attorneys for Defendants-Appellees

_____

## INTRODUCTION

Defendant-appellees Marcus Muhammad, Michael O'Malley, Darwin Watson, and the City of Benton Harbor move under Fed. R. App. P. 41 to stay issuance of the mandate pending the filing of a petition for a writ of certiorari. The petition will present a substantial question and there is good cause pursuant to Fed. R. App. P. 41(d)(1).

This Court reversed the district court's order granting defendants' motion to dismiss based on qualified immunity. On August 12, 2025, the Court denied defendants' petition for rehearing on banc in a close vote with seven judges dissenting. Whether the city officials, who did not cause water contamination, engaged in a conscience-shocking violation of plaintiffs' constitutional right to bodily integrity is a substantial question of law likely to be reviewed by the Supreme Court. Defendants have good cause for a stay because qualified immunity is a complete defense from suit that entitles them to resolution of their appeal before being subjected to significant costs. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (holding that discovery should be stayed while a qualified immunity defense is on appeal). Accordingly, this Court should grant defendants' motion to stay.

## STANDARD OF REVIEW

"A party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court. . . . and must show that the petition would. present a substantial question and that there is good cause for a stay." Fed. R. App.

1

P. 41(d)(1). If a petition is timely filed, the stay continues until the Supreme Court renders a decision on the petition. Fed. R. App. P. 41(d)(2).

A substantial question and good cause to stay the mandate exists if there is "(1) a reasonable probability that four Justices will consider the issue sufficiently meritorious to grant certiorari; (2) a fair prospect that a majority of the Court will vote to reverse the judgment below; and (3) a likelihood that irreparable harm will result from the denial of a stay." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010); *White v. Plappert*, 137 F.4th 579, 581 (6th Cir. 2025).

Only in a "close case [] may it be appropriate to 'balance the equities' to explore the relative harms" to the parties as well as the public interest. *Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980).

## ARGUMENT

### I.   This case presents a substantial question of law.

This case presents a question of great jurisprudential significance: what is the appropriate standard for conscience-shocking conduct? Plaintiffs have attempted to analogize this case to the various Flint Water Litigations, which included allegations of a state-created environmental disaster followed by a cover-up attempt, *see Guertin*, 912 F.3d 907, 915 (6th Cir. 2019), but here, there are no allegations here that government officials <u>caused</u> any water contamination in the City. Instead, this case turns on whether allegedly insufficient attempts to address elevated lead test results rise to the level of a constitutional violation. Seven judges on this Court

dissented from the order denying rehearing en banc, finding that the allegations were not sufficient and that this case risks a dramatic departure from existing precedent on bodily integrity claims. *See Mitchell v. City of Benton Harbor*, No. 23-1970, 6th Cir, Aug. 12, 2025, slip op. at 10 (order denying rehearing en banc) (Larsen, J., dissenting). In another case arising out of the same events, this Court dismissed virtually identical claims against the same defendants. *Braziel v. Whitmer*, No. 23-1954, 2024 U.S. App. LEXIS 22044, at *1 (6th Cir. Aug. 28, 2024). Under these circumstances, there is "reasonable probability that at least four justices will consider the issue sufficiently meritorious to grant certiorari" and a "fair prospect that a majority of the Supreme Court will vote to reverse the judgment." *White*, 137 F.4th at 581. In other words, this case presents a substantial question under Fed. R. App. 41.

## II. Defendants have good cause for a stay.

Until the threshold question of qualified immunity is resolved, discovery should not be required of a defendant. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *accord Siegert v. Gilley,* 500 U.S. 226, 231 (1991). The Supreme Court reiterated in *Saucier v. Katz* that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" and is "an immunity from suit rather than a mere defense to liability." 533 U.S. 194, 201 (2001). S*ee also*, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 143 S. Ct. 1915, 1921 (2023) ("[C]ontinuation of proceedings in the district court largely defeats the point of the appeal.") (Citations and quotations

3

omitted). Consistent with Supreme Court precedent, the Sixth Circuit has instructed that discovery should be stayed while the issue of qualified immunity is on appeal. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994).

Defendants are entitled to a stay of discovery until final resolution of their qualified immunity appeal. This Court explained in *English* that qualified immunity can be raised at various stages of litigation and "not only protects a defendant from liability but may also *protect a defendant from the burdens of trial and discovery*." *Id*. (Emphasis added). Defendants would incur substantial costs if made to answer the complaint and go through discovery while their appeal remains pending in the Supreme Court. Defendants have good cause for a stay because it is the only means of affording the full extent of the qualified immunity protections to which they are entitled.[1]

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court enter an order staying issuance of the mandate pending the Supreme Court's resolution of a certiorari petition. If this Court declines to stay the mandate, defendants

---

[1] Defendants note that, although a related litigation has proceeded through the close of fact discovery, claims against the City and two of the three individual defendants were dismissed at the motion to dismiss stage. They anticipate that the *Mitchell* plaintiffs will seek additional discovery outside of that procured in prior litigations, and the burden even of opposing such discovery is substantial.

4

respectfully request that the mandate be stayed at least 14 days from the date of such an order to provide time for defendants to request a stay from the Supreme Court.

Dated: August 18, 2025                    Respectfully submitted,

BODMAN PLC

By: */s/ Walter G. Pelton*_____
    Thomas J. Rheaume, Jr. (P74422)
    Alexandra C. Markel (P81705)
    Walter G. Pelton (P84442)
    6th Floor at Ford Field
    1901 St. Antoine Street
    Detroit, Michigan 48226
    (313) 259-7777
    trheaume@bodmanlaw.com
    amarkel@bodmanlaw.com
    wpelton@bodmanlaw.com
    Attorneys for Defendants-Appellants

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface, type style, and type-volume requirements of Fed. R. App. P. 27(d) because this motion has been prepared in a proportionally spaced typeface using 14-point font Times New Roman, and the motion contains fewer than 5,200 words, counting the relevant sections.

                                        */s/ Walter G. Pelton*_____
                                        Thomas J. Rheaume, Jr. (P74422)
                                        Alexandra C. Markel (P81705)
                                        Walter G. Pelton (P84442)
                                        6th Floor at Ford Field
                                        1901 St. Antoine Street
                                        Detroit, Michigan 48226
                                        (313) 259-7777
                                        trheaume@bodmanlaw.com
                                        amarkel@bodmanlaw.com
                                        wpelton@bodmanlaw.com
                                        Attorneys for Defendant-Appellee

Dated: August 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, I electronically filed the foregoing document through the court's electronic filing system, and that it has been served on all counsel of record through the court's electronic filing system.

>*/s/ Walter G. Pelton.*
>Thomas J. Rheaume, Jr. (P74422)
>Alexandra C. Markel (P81705)
>Walter G. Pelton (P84442)
>6th Floor at Ford Field
>1901 St. Antoine Street
>Detroit, Michigan 48226
>(313) 259-7777
>trheaume@bodmanlaw.com
>amarkel@bodmanlaw.com
>wpelton@bodmanlaw.com
>Attorneys for Defendants-Appellees

Dated: August 18, 2025